IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. KELLY A. BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3761-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Dr. Kelly A. Black ("Dr. Black") moves the court to reconsider the portion of its March 10, 2016 memorandum opinion and order that granted defendant Dallas County Community College District's ("DCCCD's") Fed. R. Civ. P. 12(b)(1) motion to dismiss his claim of sex/gender discrimination under the Texas Commission on Human Rights Act ("TCHRA")[1], Tex. Lab. Code Ann. § 21.001, *et seq.* (West 2015). *See Black v. Dall. Cnty. Cmty. Coll. Dist.*, 2016 WL 915731, at *6 (N.D. Tex. Mar. 10, 2016) (Fitzwater, J.) ("*Black I*"). Dr. Black also seeks leave to amend his complaint to allege a claim for sex discrimination under the TCHRA. The court grants Dr. Black's motion for leave to amend

---

[1] As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights. In 2004, the "powers and duties" of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id.* at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet.) (not designated for publication)). As in *King*, the court for clarity will refer to this claim as brought under the TCHRA.

and denies his motion to reconsider as moot.²

I

In *Black I* the court granted DCCCD's Rule 12(b)(1) motion and dismissed Dr. Black's TCHRA-based gender discrimination claim due to his failure to exhaust his administrative remedies. *Black I*, 2016 WL 915731, at *6. The court recognized the rule set forth by the Supreme Court of Texas in *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 373 (Tex. 1993) (per curiam), that "a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement of section [21.202(a) ]." *Id*. at 373 (citing *Brammer v. Martinaire, Inc*., 838 S.W.2d 844 (Tex. App. 1992, no writ)). The court explained, however, that

> the charges of gender and color discrimination included in Dr. Black's [untimely] Charge of Discrimination do not relate back to his [timely-filed, but unverified] Intake Questionnaire, which by its own terms alleged only race discrimination. Consequently, Dr. Black has failed to exhaust his administrative remedies with respect to his gender and color discrimination theories, and they are therefore barred for lack of jurisdiction.

*Black I*, 2016 WL 915731, at *6 (citations omitted). The court granted Dr. Black leave to file an amended complaint so that he could replead his state-law breach of contract claim.

---

²Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*Id.* at *7. The court did not grant Dr. Black leave to amend his TCHRA claim.

Dr. Black now moves the court to reconsider the portion of *Black I* that dismissed his TCHRA sex/gender discrimination claim. He also seeks leave to amend his complaint to allege that, in addition to his August 15, 2014 Intake Questionnaire (which alleged only race discrimination), he submitted on August 28, 2014 "a supplemental discrimination complaint form to the TWC, to be added to his complaint already on file, alleging sex discrimination and retaliation." Am. Compl. ¶ 15. DCCCD opposes the motion.

II

The court begins with Dr. Black's motion for leave to amend his complaint. Under the January 8, 2016 scheduling order in this case, the deadline for filing motions for leave to amend pleadings was April 28, 2016. Dr. Black filed his motion to reconsider and for leave to amend on April 25, 2016. The court therefore applies a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). The court also applies the lenient standard of Rule 15(a)(2) to determine whether leave to amend should be granted. Under that standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2).

Moreover, in *Black I* the court dismissed Dr. Black's TCHRA-based gender discrimination claim because he had failed to establish that he had exhausted his administrative remedies. Although under Texas law such a failure deprives the court of jurisdiction over the claim, *see Black I*, 2016 WL 915731, at *6, there is no apparent reason why the court should not permit a plaintiff who has made a colorable showing that he has in

fact exhausted his administrative remedies—but has merely failed to adequately plead exhaustion—to cure such a pleading defect through the filing of a timely amended complaint.[3] Accordingly, the court grants Dr. Black leave to file the first amended complaint that he filed on April 7, 2016.[4]

### III

Because the court has permitted Dr. Black to file the first amended complaint and attempt to adequately plead that he has exhausted his administrative remedies, it denies Dr. Black's motion for reconsideration as moot.

\* \* \*

The court grants Dr. Black's motion for leave to amend and denies his motion to reconsider as moot.

**SO ORDERED**.

July 13, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]This case is therefore distinguishable from the more typical case in which the plaintiff not only has failed to adequately plead that he exhausted his administrative remedies but has in fact failed to exhaust these remedies.

[4]Nothing precludes DCCCD from moving to dismiss Dr. Black's first amended complaint if it has grounds to do so.

-4-