IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. KELLY A. BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3761-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Dallas County Community College District ("DCCCD") moves under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiff's claims for sex and gender discrimination brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001, *et seq.* (West 2015), as alleged in plaintiff's first amended complaint ("amended complaint"). For the reasons that follow, the court denies the motion.

I

Because this case is the subject of a prior memorandum opinion and order, *see Black v. Dall. Cty. Cmty. Coll. Dist.*, 2016 WL 915731 (N.D. Tex. Mar. 10, 2016) (Fitzwater, J.) ("*Black I*"), the court will recount only the background facts and procedural history necessary to understand the present decision.

Plaintiff Kelly A. Black, DVM ("Dr. Black"), a licensed veterinarian, has been employed as a full-time faculty member of the Veterinary Technology Program ("Vet Tech

Program") at DCCCD since 2007. Dr. Black alleges that he was denied consideration for a promotion to the position of Director of the Vet Tech Program based on his race and gender, and in retaliation for his allegation that he had been asked to pursue a racially discriminatory hiring practice.[1]

On August 15, 2014 Dr. Black allegedly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") an EEOC Intake Questionnaire ("Intake Questionnaire") in which he stated, among other things, that he had been discriminated against due to his race, that he had been retaliated against, and that such discrimination and retaliation had been continuous from 2013 to the present. In his amended complaint, Dr. Black alleges that on August 28, 2014 he filed a "supplemental discrimination complaint form" ("Supplemental Form") with the TWC, alleging sex discrimination and retaliation. Am. Compl. ¶ 15. The following month, the TWC sent Dr. Black a letter acknowledging receipt of his "inquiry concerning possible employment discrimination by [DCCCD]," and advising him that his "complaint" would be forwarded to the EEOC for further processing. *Id.* at Ex. 5. On October 7, 2014 Dr. Black's counsel, "in an abundance of caution," forwarded to the EEOC the Supplemental Form "to be sure that EEOC had [it]." *Id.* ¶ 17. The EEOC received this submission on October 9, 2017. On May

---

[1]In his May 15, 2015 charge of discrimination, Dr. Black alleges that "[o]n or about July 23, 2014, Dr. Monica Fann [("Dr. Fann")] was named as the new Director of Veterinary Technology at CVC, despite the fact that she is not a licensed veterinarian in Texas." Am. Compl. Ex. 7. DCCCD disputes the factual accuracy of this statement, contending that DCCCD announced its decision to hire Dr. Fann on July 18, 2014.

15, 2015 Dr. Black filed a charge of discrimination ("Charge of Discrimination") with the EEOC, alleging race, color, and sex discrimination, and retaliation.  The EEOC issued Dr. Black a notice of right to sue.

Dr. Black filed the instant lawsuit in state court against DCCCD, alleging claims for breach of contract under Texas law and for discrimination and retaliation under Title VII and the TCHRA.  DCCCD removed the case to this court, and, *inter alia*, moved to dismiss Dr. Black's TCHRA claims under Rule 12(b)(1) on the basis that they were time-barred.  The court denied DCCCD's motion in part, holding, *inter alia*, that "to the extent Dr. Black's TCHRA claim relates to acts of race discrimination or retaliation that occurred on or after February 16, 2014, this claim is timely, and Dr. Black has properly exhausted his administrative remedies."  *Black I*, 2016 WL 915731, at *5.  As to Dr. Black's TCHRA claim based on allegations of gender and color discrimination, however, the court granted DCCCD's motion, holding that the

> charges of gender and color discrimination included in Dr. Black's [untimely] Charge of Discrimination do not relate back to his [timely-filed, but unverified] Intake Questionnaire, which by its own terms alleged only race discrimination. Consequently, Dr. Black has failed to exhaust his administrative remedies with respect to his gender and color discrimination theories, and they are therefore barred for lack of jurisdiction.

*Id.* at *6 (citations omitted).

Dr. Black has filed an amended complaint[2] in which he alleges claims for breach of

---

[2]Although the court in *Black I* did not grant Dr. Black leave to replead his TCHRA claim, it later granted him leave to do so.  *See Black v. Dall. Cty. Cmty. Coll. Dist.*, 2016 WL

contract and for discrimination and retaliation under Title VII and the TCHRA.  DCCCD

moves under Rule 12(b)(1) to dismiss Dr. Black's claims for sex and gender discrimination

under Title VII and the TCHRA on the basis that he has failed to exhaust his administrative

remedies as to these claims.  Dr. Black opposes the motion.

## II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by

statute, lack the power to adjudicate claims."  *Stockman v. Fed. Election Comm'n*, 138 F.3d

144, 151 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on

the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of

proof that jurisdiction does in fact exist."  *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001) (citations omitted).  A Rule 12(b)(1) motion can mount either a facial or factual

challenge.  *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D.

Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

Cir. May 1981)).  When a party files a Rule 12(b)(1) motion without including evidence, the

challenge to subject matter jurisdiction is facial.  *Id.*  The court assesses a facial challenge

as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations

in the pleading and assumes them to be true.  If the allegations are sufficient to allege

jurisdiction, the court must deny the motion."  *Id.* (citation omitted) (citing *Paterson*, 644

F.2d at 523).  If, however, defendant supports its motion with affidavits, testimony, or other

---

3745688, at *2 (N.D. Tex. July 13, 2016) (Fitzwater, J.)

evidentiary materials, then the attack is "factual," and the burden shifts to Dr. Black to prove subject matter jurisdiction by a preponderance of the evidence. *Id.*

## III

DCCCD moves under Rule 12(b)(1) to dismiss Dr. Black's claims brought under the TCHRA for sex and gender discrimination, arguing that he failed to exhaust his administrative remedies as to these claims and that the court therefore lacks subject matter jurisdiction.

## A

Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202(a); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). This 180-day time limit is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 486-88. In other words, a plaintiff's failure to file a complaint within the 180-day period is a failure to exhaust administrative remedies that deprives the court of subject matter jurisdiction. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 514 (Tex. 2012) ("In sum, we hold that section 21.202's administrative filing requirement is a mandatory statutory requirement that must be complied with before filing suit, and, as such, is a statutory prerequisite under section 311.034. Because Chatha failed to timely file her complaint with the TWC in

accordance with the requirements of section 21.202, her suit against the University is jurisdictionally barred.").  Because § 21.202(a) is mandatory and jurisdictional, the burden of establishing compliance with the statute is on Dr. Black as the plaintiff.  *See, e.g., Sanchez v. Kennedy*, 202 S.W.3d 857, 859 (Tex. App. 2006, no pet.) ("The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction." (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993))).

B

DCCCD maintains that the court lacks subject matter jurisdiction over Dr. Black's TCHRA claims because he failed to exhaust his administrative remedies with the TWC before filing suit.  DCCCD contends that Dr. Black relies on four documents to show that he has properly exhausted his administrative remedies: (1) an August 2014 letter from his counsel to the TWC stating "[w]e now file due to discrimination against Dr. Black based on his sex," Am. Compl. Ex. 3; (2) an undated and unsigned TWC employment discrimination form referencing sex; a referral notice from the TWC; and an October 7, 2014 letter from his counsel to the EEOC referencing the Supplemental Form and its allegations of sex discrimination, and purportedly attaching the Supplemental Form as an "enclosure[]," *id.* at Ex. 6.  Dr. Black contends that these documents are "critically deficient" for purposes of establishing a sworn charge because none is signed by Dr. Black, none was made under oath, and the letters from Dr. Black's counsel fail to conform to the form required by the TWC. D. Br. 4.

C

In his amended complaint, Dr. Black alleges that "on August 28, 2014, [he] submitted a supplemental discrimination complaint form [i.e., the Supplemental Form] to the TWC, to be added to his complaint already on file, alleging sex discrimination and retaliation." Am. Compl. ¶ 15. It is undisputed that the Supplemental Form was not "made under oath," as Tex. Lab. Code Ann. § 21.201(b) requires. As in *Black I*,

> Dr. Black's Charge of Discrimination, however, was. In *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 373 (Tex. 1993) (per curiam), the Supreme Court of Texas held that "a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement of section [21.202(a)]." *Id.* at 373 (citing *Brammer v. Martinaire, Inc.*, 838 S.W.2d 844 (Tex. App. 1992, no writ)).

*Black I*, 2016 WL 915731, at *4 (alteration in original). Accordingly, to decide DCCCD's motion to dismiss, the court must determine whether Dr. Black's Supplemental Form should be treated as a timely complaint for purposes of the TCHRA's exhaustion requirement. *Id*. The court concludes that it should.

In the Supplemental Form, attached as an exhibit to the amended complaint, Dr. Black checked the boxes for discrimination based on "Sex," "Male" and for "Retaliation." Am. Compl. Ex. 2. He stated that the date of first harm was August 5, 2014, and he asserted: "A female who was both less qualified than Dr. Black, and objectively unqualified for the position, was hired as Director of Cedar Valley College's vet tech program," and he referred to the attachment for further details. *Id.* In the attachment, Dr. Black alleged that the

position of "Director of Vet Tech" had been awarded to "Monica Lamb,"[3] that she was being paid more than the amount Dr. Black was offered, and that she was not licensed by the State of Texas as a veterinarian. *Id.* He also listed the persons involved in making the hiring decision.

As it did in *Black I*, DCCCD argues that Dr. Black has failed to establish that the Supplemental Form was *actually received* by the TWC within the 180-day time limit. The court rejects this argument for the reasons explained in *Black I*.

> When a party files a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Hunter*, 2013 WL 607151, at *2. The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). Because DCCCD does not support its Rule 12(b)(1) motion with any evidence, its challenge is facial. Accordingly, the court will decide DCCCD's motion only by looking to the sufficiency of the pleadings and accepting, as true, Dr. Black's allegations as they relate to the court's subject matter jurisdiction.

*Black I*, 2016 WL 915731, at *4 (footnote omitted).[4]

---

[3]Dr. Black referred to Dr. Fann as "Monica Lamb" in the attachment to his Supplemental Form.

[4]DCCCD does not contend that it is mounting a factual challenge to the court's subject matter jurisdiction. Nor does it offer any evidence of its own that Dr. Black did not file the Supplemental Form with the TWC or that the TWC did not receive a copy of the Supplemental Form on August 28, 2014, as alleged. To the extent DCCCD contends that the documents attached to Dr. Black's amended complaint are "critically deficient," D. Br. 4, the court treats these arguments as an attack on the complaint itself, not a factual challenge to the court's jurisdiction. Under Rule 10(c), "[a] copy of a written instrument that is an exhibit

Dr. Black alleges in his amended complaint that, "on August 28, 2014, [he] *submitted a supplemental discrimination complaint form to the TWC*, to be added to his complaint already on file, alleging sex discrimination and retaliation."  Am. Compl. ¶ 15 (emphasis added).  Because the court must accept Dr. Black's allegations as true, the court concludes that Dr. Black has met his burden of establishing that he submitted, and consequently that the TWC received, the Supplemental Form on August 28, 2014.  Accordingly, under *Hennigan*, Dr. Black's Charge of Discrimination relates back to the date the Supplemental Form was submitted to the TWC.  *See Hennigan*, 858 S.W.2d at 373.  Thus, at least to the extent Dr. Black's TCHRA claim relates to acts of sex/gender discrimination that occurred on or after March 1, 2014,[5] this claim is timely, and Dr. Black has properly exhausted his administrative remedies.[6]

Accordingly, the court denies DCCCD's Rule 12(b)(1) motion to dismiss Dr. Black's sex and gender discrimination claim brought under the TCHRA for lack of subject matter

---

to a pleading is a part of the pleading for all purposes."  Accordingly, a defendant cannot mount a *factual*—as opposed to a *facial*—challenge by pointing to the absence of evidence contained in the exhibits attached to the complaint.

[5]August 28, 2014 minus 180 days is March 1, 2014.

[6]As in *Black I*, the court does address whether, to the extent Dr. Black intends to base his discrimination or retaliation claims on events that occurred *prior to* March 1, 2014, he may do so under the exception to the 180-day filing deadline "for unlawful discrimination that 'manifests itself over time, rather than [as] a series of discrete acts,'" *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 808 (Tex. App. 2009, no pet.) (alteration in original) (quoting *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.3d 30, 41-42 (Tex. App. 1998, pet. denied)).  *See Black I*, 2016 WL 915731, at *5 n.11.

jurisdiction.[7]

## IV

DCCCD also moves under Rule 12(b)(1) to dismiss Dr. Black's claim for sex/gender discrimination brought under Title VII, arguing that Dr. Black failed to exhaust his administrative remedies with respect to this claim.

In a deferral state such as Texas, an aggrieved party must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e); *see also Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987).  Although DCCCD moves for dismissal of Dr. Black's Title VII sex and

---

[7]It is unclear whether, under Texas law, exhaustion of administrative remedies is still treated as "jurisdictional." *Compare Univ. of Tex. at Austin v. Kearney*, 2016 WL 2659993, at *3 (Tex. App. May 3, 2016, pet. filed) ("Before filing suit in state court under the TCHRA, an employee must first exhaust her administrative remedies by filing a complaint with the TWC within 180 days of the alleged discriminatory act, and failure to do so is a jurisdictional defect."), *Boswell v. Ector Cty. Indep. Sch. Dist.*, 2016 WL 1443606, at *4 (Tex. App. Apr. 7, 2016, pet. denied) ("Failure to exhaust administrative remedies creates a jurisdictional bar to proceeding with the claim." (citation omitted)), *and Austin Indep. Sch. Dist. v. Lofters*, 2015 WL 1546083, at *3 (Tex. App. Apr. 1, 2015, pet. denied) ("Failure to exhaust the TCHRA's administrative remedies is a jurisdictional defect.") *with Reid v. SSB Holdings, Inc.*, ___ S.W.3d ___, 2016 WL 6216193, at *5 (Tex. App. Oct. 25, 2016, Rule 53(f) motion granted) (stating "while we agree that the Texas Supreme Court has not expressly overruled its holding in *Schroeder* that failure to exhaust administrative remedies under the TCHRA is a jurisdictional defect to bringing a civil suit, we also note that subsequent decisions by the court cast some doubt on the continued viability of that holding," but not reaching the issue), *and Yeh v. Chesloff*, 483 S.W.3d 108, 113 (Tex. App. 2015, pet. filed) ("We frame the issue regarding a failure to comply with Chapter 21's administrative exhaustion requirement as a defense to liability, rather than a jurisdictional bar.").  Because the parties appear to agree that it is, and because the outcome would be the same if the court treated the TCHRA's exhaustion requirement as an affirmative defense rather than as a jurisdictional requirement, the court will assume for purposes of this opinion that, under Texas law, exhaustion of administrative remedies is jurisdictional.

gender discrimination under Rule 12(b)(1), as this court has previously held, "the 300-day filing period is not jurisdictional; it is more akin to and operates as a limitations period, commencing on the date the alleged unlawful practice occurred." *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.) (citing *Adams v. Cedar Hill Indep. Sch. Dist.*, 2014 WL 66488, at *2 (N.D. Tex. Jan. 8, 2014) (Fitzwater, C.J.)), *appeal docketed*, No. 16-10493 (5th Cir. April 25, 2016).  Therefore, because the limitations period is not jurisdictional, DCCCD's motion to dismiss is not properly brought under Rule 12(b)(1).  Because the pleadings have closed,[8] the motion should be treated as brought under Rule 12(c).[9]

Because limitations is an affirmative defense, *see, e.g., Adams*, 2014 WL 66488, at *2 (treating limitations defense asserted in response, *inter alia*, to Title VII claim as affirmative defense), for DCCCD to obtain dismissal based on a Rule 12(c) motion, the

---

[8]"Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings." *Clemmer*, 2015 WL 1757358, at *2 n.2 (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 213 (3d ed. 2004)).

[9]DCCCD states in a footnote that, "[t]o the extent this Court finds the ground is properly addressed pursuant to 12(b)(6), Defendant also states Plaintiff failed to exhaust administrative remedies pursuant to 12(b)(6)."  D. Br. 4 n.2.  The distinction between a Rule 12(c) motion and a Rule 12(b)(6) motion is immaterial in the context of this case because the standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See, e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)).

"successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Silvertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)).  Stated another way, the defendant is not entitled to dismissal under Rule 12(c) unless the plaintiff "'has pleaded [him]self out of court by admitting to all of the elements of the defense.'"  *Id.* (quoting *Silvertson*, 2011 WL 4100958, at *3 (alteration in original)).  That was the case, for example, in *Adams*.  *See Adams*, 2014 WL 66488, at *3 (involving complaint that alleged that plaintiff was terminated on June 4, 2012 and did not file charge with EEOC until April 12, 2013, i.e., more than 300 days after being terminated).  But in the present case, Dr. Black has not pleaded himself out of court.  EEOC regulations provide that "[a] charge may be amended to cure technical defects or omissions," and that such amendments "related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."  29 C.F.R. § 1601.12 (b); *see also Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003).  Dr. Black alleges that, on October 7, 2014, he forwarded to the EEOC the Supplemental Form (in which he first alleged "sex" discrimination), and he attaches as an exhibit to his complaint the U.S. Postal Service green card received back from the EEOC showing that the documents were received on October 9, 2014.  Far from pleading a failure to exhaust his administrative remedies, these allegations plead, at a minimum, that as to any acts of discrimination that occurred after

December 13, 2013,[10] Dr. Black properly exhausted his administrative remedies under Title VII.

Accordingly, DCCCD is not entitled to dismissal on this basis under Rule 12(c).  If the issue is to be resolved in DCCCD's favor prior to trial, it must be by summary judgment motion.

\*     \*     \*

For the reasons explained, DCCCD's motion is denied.

**SO ORDERED**.

January 30, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[10]October 9, 2014 minus 300 days is December 13, 2013.

-13-